| UNITED STATES DISTRICT COURT<br>EASTERN DISTRICT OF NEW YORK | NOT FOR PUBLICATION |
|---|---|

| | |
|---|---|
| DELORES GALLOP-LAVERPOOL,<br><br>              Plaintiff,<br><br>   - versus -<br><br>BROOKLYN QUEENS NURSING HOME,<br><br>              Defendant. | MEMORANDUM & ORDER<br>14-CV-2880 (JG) |

JOHN GLEESON, United States District Judge:

   *Pro se* plaintiff Delores Gallop-Laverpool brings this action under Title VII of the Civil Rights Act of 1964 ("Title VII") and the Age Discrimination in Employment Act ("ADEA") based upon allegedly discriminatory treatment by her former employer, Brooklyn Queens Nursing Home ("BQNH"). Gallop-Laverpool's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 is granted. For the reasons stated below, Gallop-Laverpool is directed to file an amended complaint within 30 days or the case will be dismissed for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

## BACKGROUND

   Gallop-Laverpool worked as a nurse for BQNH until she was terminated on May 10, 2011, for allegedly failing to follow the narcotic count protocol when a package of medication went missing. Compl. 4, ECF No. 1. Gallop-Laverpool maintains that she did not take the missing medication and that she correctly followed the protocol. *Id.* Gallop-Laverpool was over 40 years old when she was fired and alleges that she was replaced by a nurse 20 years younger than her. *Id.* at 7.

Gallop-Laverpool filed a discrimination charge with the Equal Employment Opportunity Commission ("EEOC") on April 3, 2012, and another with the New York State Division of Human Rights or the New York City Commission of Human Rights on May 3, 2012. *Id.* at 4. Gallop-Laverpool filed the instant complaint on May 6, 2014.

DISCUSSION

A. *Legal Standards*

Pursuant to 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an *in forma pauperis* action that "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

*Pro se* complaints are held to less stringent standards than pleadings drafted by attorneys and I am required to read Gallop-Laverpool's complaint liberally and interpret it as raising the strongest arguments it suggests. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185, 191 (2d Cir. 2008). At the pleadings stage of the proceeding, a court must assume the truth of "all nonconclusory factual allegations" contained in the complaint. *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 123 (2d Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009)). A complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citations omitted). As the *Iqbal* court explained, the plausibility standard "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

B.  *Analysis*

As presently pled, Gallop-Laverpool's complaint fails to allege facts sufficient to state a cause of action against BQNH for discrimination under either Title VII or the ADEA.

Turning first to her Title VII claim, Title VII prohibits an employer from discriminating against any individual with respect to "compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). To establish a prima facie case of discrimination, "a plaintiff must show that: (1) he is a member of a protected class; (2) he was qualified for the position he held; (3) he suffered an adverse employment action; and (4) the adverse action took place under circumstances giving rise to the inference of discrimination." *Ruiz v. Cnty. of Rockland*, 609 F.3d 486, 491 (2d Cir. 2010).[1]

The nature of Gallop-Laverpool's Title VII complaint is unclear. Although she checked a box on the complaint indicating that she was asserting a Title VII violation, when directed by the *pro se* discrimination form-complaint to provide a basis for the alleged discrimination she failed to check any of the boxes or provide any factual allegations whatsoever. *See* Compl. 3, ECF No. 1 (unchecked boxes indicating, *inter alia*, race, gender/sex, religion, national origin, color, as possible bases for discrimination). Accordingly, if Gallop-Laverpool

---

[1] A plaintiff in an employment discrimination case need not allege facts establishing a prima facie case of discrimination. *See Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 510 (2002) ("The prima facie case under *McDonnell Douglas*, however, is an evidentiary standard, not a pleading requirement."). However, the Second Circuit has stated that "*Swierkiewicz's* reliance on *Conley* suggests that, at a minimum, employment discrimination claims must meet the standard of pleading set forth in *Twombly* and *Iqbal,* even if pleading a prima facie case is not required." *Hedges v. Town of Madison*, 456 F. App'x 22, 23 (2d Cir. 2012) (summary order). Accordingly, courts in this Circuit "have reconciled *Swierkiewicz*, *Twombly*, and *Iqbal* by concluding that, to survive a motion to dismiss, a Title VII plaintiff's complaint must be facially plausible and allege sufficient facts to give the defendant fair notice of the basis for the claim; it need not, however, make out a prima facie case." *Brown v. Daikin Am. Inc.*, No. 12-CV-2955, -- F.3d --, 2014 WL 2895974, at *n.10 (2d Cir. June 27, 2014) (citing *Mohawk v. William Floyd Sch. Dist.*, No. 13-CV-2518, 2014 WL 838162, at *2 (E.D.N.Y. Mar. 3, 2014)).

intends to pursue a Title VII claim she is instructed to provide in her amended complaint factual allegations regarding why she believes she was discriminated against by BQNH on the basis of her race, gender, religion, national origin, or color.

It is unlawful under the ADEA "to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1). To establish a prima facie case of age discrimination, the plaintiff must show that: (1) she was within the protected age group (more than 40 years old); (2) she was qualified for the position; (3) she experienced an adverse employment action; and (4) such action occurred under circumstances giving rise to an inference of discrimination. *See Gorzynski v. Jet Blue Airways Corp.*, 596 F.3d 93, 107 (2d Cir. 2010) (citing *Carlton v. Mystic Transp. Inc.*, 202 F.3d 129, 134 (2d Cir. 2000)).

Here, the only factual basis provided in support of Gallop-Laverpool's claim of age discrimination is that after she was terminated, a nurse 20 years her junior was hired. These scant allegations cannot plausibly connect the adverse employment action Gallop-Laverpool suffered to her protected status. *See Iqbal*, 556 U.S. at 678. At a minimum, an ADEA claimant must inform the Court and the defendant why the plaintiff believes age discrimination existed. *See Dugan v. Martin Marietta Aerospace*, 760 F.2d 397, 399 (2d Cir. 1985) ("While a claim made under the ADEA need not contain every supporting detail, it must at least inform the court and the defendant generally of the reasons the plaintiff believes age discrimination has been practiced."); *Bermudez v. City of New York*, 783 F. Supp. 2d 560, 581 (S.D.N.Y. 2011) (dismissing discrimination claim based solely on "the recitation of a false syllogism: (1) I am

(insert name of a protected class); (2) something bad happened to me at work; (3) therefore, it happened because I am (insert name of protected class).").

CONCLUSSION

In light of Gallop-Laverpool's *pro se* status, I will grant her 30 days to replead her discrimination claims against BQNH to correct the deficiencies noted above. If available, a copy of the charge of discrimination that she filed with the state or local employment agency (or the EEOC) as well as the right-to sue letter that she received from the EEOC should be appended to the amended complaint. The amended complaint must contain a short, plain statement of facts sufficient to support a plausible claim that her former employer discriminated against her in violation of Title VII or the ADEA. Finally, if Gallop-Laverpool failed to file the instant action within 90 days of the receipt of the right-to-sue letter, she must submit facts to support equitable tolling of the limitations period, that is, facts that, in fairness, excuse her failure to file the lawsuit on a timely basis.

No summons shall issue at this time and all further proceedings shall be stayed until Gallop-Laverpool has complied with this order. If she fails to file an amended complaint within 30 days, the instant action will be dismissed and judgment entered. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of any appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

So ordered.

John Gleeson, U.S.D.J.

Dated: Brooklyn, New York
August 8, 2014